(Superior Court of Cincinnati.)
December, 1898.
General Term.

LOUIS FICKER v. THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

---

(1). Where there is an open way upon which children are permitted to stroll, those who are chargeable with a duty of care and caution toward them must take into account their childish instincts; and the question of the care exercised in running a car without warning upon a track bordering the way, which struck a child who heedlessly ran in front of it, is one for the jury.

(2). It can not be said, as a matter of law, that a child thus acting at the age of five years was guilty of contributory negligence.

---

SMITH, J.

This was an action brought against the defendant in error by Louis Ficker, a minor under the age of five years, to recover damages caused by the wheel of one of the box cars of defendant running over and crushing his foot, on Sunday morning, the 29th day of September, 1894.

At the conclusion of the testimony introduced by the plaintiff, the court, on motion of the defendant, arrested the case from the jury and directed a verdict for the defendant. The plaintiff prosecutes error to this action of the court.

It appears from the evidence that there are three tracks of the defendant railroad running parallel with the company's freight house, south of Pearl street, from Central avenue to Smith street (John street stopping at the freight house and not crossing the tracks). South of these three tracks, running east and west, are three other such tracks belonging to the Baltimore & Ohio Southwestern Railway Company. Between the north Baltimore & Ohio Southwestern railway track and the south Cleveland, Cincinnati, Chicago & St. Louis track there is a space of about twenty-two feet running from Central avenue to Smith street. The entrances to this space of twenty-two feet extending for two squares was not fenced or guarded in any way, and persons of all kinds, including children, went upon it at will without protest from the defendant.

On the Sunday morning complained of the child injured was walking along this way with a number of its companions when, attracted by something on the

track or beyond it, it stepped upon one of the tracks of the defendant company, and before it could get back was run over by a freight car which was moving along the track. The car gave no warning of any kind of its approach, although the evidence does show that a brakeman was upon it who had charge of it.

The contention of the defendant is that the child went suddenly upon the track and was entirely to blame, and the defendant was guilty of no negligence whatever.

In view of the fact that there was testimony tending to show that the defendant permitted children to travel this way, and that children of the age of five years have but little, if any, discretion, and act upon childish instincts, we are not prepared to announce as a matter of law that the running of a car silently along the tracks without giving warning to children who may happen to be upon the way is an exercise of such care as an ordinarily prudent person would exercise under the circumstances. It is true a jury may regard the care exercised by the defendant as sufficient, but the question in our judgment is one for the jury, and not for the court. Harriman v. Railway Co., 45 Ohio St., 11; Cincinnati Street Railway Co. v. Snell, 54 Ohio St., 201.

In the Harriman case our supreme court cites, with approval, from an opinion of Judge Cooley, the following language, which we think pertinent to the case at bar:

"The moving about of the children upon the land where they were at liberty to go, while they were not actually employed, was as much an incident to their being there as is the loitering or playing of children outside the traveled part of the highway, as they go upon it to school or upon errands. Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them, must calculate upon this, and take precaution accordingly."

As to the contributory negligence of the child, we certainly can not say, as a matter of law, that a child of five years, acting as this child did, was guilty of contributory negligence.

Judgment reversed.

Dempsey and Davis, JJ., concur.

Scott Bonham, attorney for plaintiff.

Harmon, Colston, Goldsmith & Hoadly, attorneys for defendant.